**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KELLY J. ENGELHARDT, | No. 13-35328 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-00033-SEH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 7, 2014
Portland, Oregon

Before: KOZINSKI, Chief Judge, and FERNANDEZ and FISHER, Circuit Judges.

Kelly Engelhardt appeals the judgment of the district court affirming the

denial of his claim for disability benefits under the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Substantial evidence supports the Administrative Law Judge's (ALJ) finding that Engelhardt's impairments did not meet or exceed a listed impairment because he was able to ambulate effectively by August 2008. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Part A, §§ 1.02, 1.05; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Engelhardt's physical therapist noted he was able to walk comfortably with his prosthesis and no walking aids. Engelhardt's prosthetist noted he was able to walk with increased speed and had "some discomfort at times but [was] doing well" with the new, permanent prosthesis. Engelhardt testified he travels without assistance to and from school, participates in household chores and childcare and uses a cane only "[t]wo or three times a month . . . for balance."[1]

**2.** The ALJ included all of Engelhardt's limitations supported by the record in his residual functional capacity determination and the hypothetical question to the vocational expert. *See* 20 C.F.R. § 416.920(a)(4)(iv)-(v); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Although Engelhardt contends the ALJ ignored evidence regarding the severity of the injury to his right foot, the

---

[1] Use of a cane does not establish an inability to ambulate effectively because it does not limit the function of both upper extremities. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Part A, § 1.00(B)(2)(b)("[E]xamples of ineffective ambulation include . . . the inability to walk without the use of . . . two canes . . . .")

2

record does not contain evidence that the bone protrusion in his right foot caused any limitations beyond those recognized in the residual functional capacity.

Engelhardt also contends the ALJ failed to identify clear and convincing reasons for rejecting his testimony. Engelhardt does not specify which portions of his testimony he believes the ALJ improperly found to be not credible. The ALJ found Engelhardt was able to walk one and one-half blocks at a time, stand for 15 minutes at a time and sit for one hour at a time. Those findings were consistent with Engelhardt's testimony. Engelhardt did not testify that he had specific physical or mental limitations beyond those recognized in the residual functional capacity determination. As a result, even if the ALJ erred in rejecting certain of his testimony as to the severity and limiting effects of his impairments, any error was harmless.

**AFFIRMED.**

3